IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11cv14

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| 7 BLUE SPRUCE DRIVE, WHITTIER, | ) | |
| JACKSON COUNTY, NORTH | ) | |
| CAROLINA, as described in a Deed at | ) | |
| Book 1214, page 193, Jackson County | ) | |
| Registry, being real property, together | ) | |
| with the residence, and all | ) | |
| appurtenances, improvements, and | ) | |
| attachments thereon | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court are the Government's Motion for Entry of Judgment [# 20] and Second Motion for Forfeiture of Property [# 21]. The Court **RECOMMENDS** that the District Court **DENY** the Government's motions [# 20 & # 21].

**I.     Background**

The Government brought this action seeking the forfeiture of real property located at 7 Blue Spruce Drive, Whittier, North Carolina. Vanessa Huskey then filed a claim asserting an interest in the defendant property. Subsequently, the

1

Government and Claimant filed a stipulation to proceed before a United States Magistrate Judge. Meanwhile, the Government and Wells Fargo Bank NA s/b/m Wells Fargo Home Mortgage, Inc. ("Wells Fargo") entered into a settlement agreement whereby the "parties hereby stipulate that [Wells Fargo] holds a deed of trust for its benefit" in the defendant property. Wells Fargo, however, has never consented to the jurisdiction of this Court.

On September 22, 2011, the Government entered into a settlement agreement with the Claimant. The Government then moved for the entry of judgment based on the settlement agreements it had reached with Wells Fargo and the Claimant. The Court held a hearing and addressed the Government's motion and the settlement agreements. At the hearing, the Court expressed concern that the Government had not sufficiently demonstrated that Wells Fargo was the holder of the deed of trust on the defendant property, as the only document in the record demonstrating ownership was the stipulation between the Government and Wells Fargo that Wells Fargo was the holder of the deed of trust.

Subsequently, the Government filed a Second Motion for Forfeiture of Property. In this motion, the Government states that the Federal Home Loan Mortgage Corporation is actually the beneficial owner of the deed of trust, not Wells Fargo as initially represented to the Court. Instead, Wells Fargo is the

servicer of the deed of trust. The Federal Home Loan Mortgage Corporation, however, has not entered into a settlement in this case and has not consented to the jurisdiction of this Court.

**II.     Analysis**

As a threshold matter, this Court cannot enter the relief requested by the Government absent the consent of all the parties involved in this case. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73(a); <u>United States v. Browning</u>, 398 F. App'x 908, 909 (4th Cir. 2010) (unpublished). Only the claimant has consented to this Court's jurisdiction. Upon a review of the record, it does not appear that Wells Fargo or the Federal Home Loan Mortgage Corporation has consented to the jurisdiction of a United States Magistrate Judge. Accordingly, the Court **DIRECTS** the Clerk to remove this case as a consent case and re-refer this case to the District Court.

Moreover, since Wells Fargo is not the holder of the deed of trust, the settlement between it and the Government is insufficient to allow this Court to recommend to the District Court that it grant the Government's motion. Instead, the Government must seek the entry of default and default judgment in this case because it does not appear that the actual holder of the deed of trust, the Federal Home Loan Mortgage Corporation, has filed a claim or answer. The Court,

therefore, recommends that the District Court **DENY** the motions [# 20 & # 21].

## II. Conclusion

The Court **DIRECTS** the Clerk to remove this case as a consent case and re-refer this case to the District Court. In addition, the Court **RECOMMENDS** that the District Court **DENY** the Government's motions [# 20 & # 21].

Signed: May 9, 2012

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).